UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APTUS HEALTH, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN DOE 1, and JOHN DOE 2,<br><br>Defendants. | Case No. 17-cv-05907 NC<br><br>**ORDER TO SHOW CAUSE REQUIRING FURTHER BRIEFING**<br><br>Re: Dkt. No. 3 |

On October 13, 2017, Aptus Health, Inc. filed an *ex parte* motion for leave to conduct expedited discovery. Dkt. No. 3. The Court reviewed the motion and finds it insufficient in legal argument and facts provided.

First, Aptus is correct in pointing out that the standard the Court looks to in this type of motion is good cause, but Aptus does not make a showing that good cause exists. In evaluating whether a plaintiff establishes good cause to identify defendants through expedited discovery, courts consider whether: (1) the plaintiff can identify the missing party with sufficient specificity so the Court can determine the defendant is a real person or entity who could be sued in federal court; (2) the plaintiff identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit could withstand a motion to dismiss; and (4) the plaintiff demonstrated a reasonable likelihood of being able to identify the defendant through discovery so service of process would be possible. *Columbia Ins.*

Case No. 17-cv-05907 NC

*Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999)). Aptus has not satisfied any of these elements in its motion.

Second, Aptus has not informed the Court why it believes Palo Alto Networks, Inc. would have the information it seeks.

Thus, Aptus is ORDERED to file a supplemental brief, and supporting declaration(s), demonstrating that it satisfies the *Columbia Ins. Co.* elements. This brief must also clarify why Aptus believes Palo Alto Networks has the information sought. The brief and its attachments must not exceed 15 pages combined. This brief is to be filed with the Court no later than October 30, 2017.

**IT IS SO ORDERED.**

Dated: October 23, 2017  _____
NATHANAEL M. COUSINS
United States Magistrate Judge